JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadngs or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RHONDA MILLER

**DEFENDANTS**
KUTZTOWN UNIVERSITY and
DR. ROBERT REYNOLDS

**(b)** County of Residence of First Listed Plaintiff  LEHIGH
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  BERKS
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
SIDNEY L. GOLD, ESQUIRE
SIDNEY L. GOLD & ASSOCIATES, P.C.
1835 MARKET STREET SUITE 515 PHILA PA 19103 215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE IX
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ in excess of 150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE 07/10/2013
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT

APPENDIX A

FOR THE EASTERN DISTRICT OF PENNSYLVANIA -DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 4322 KATHI DRIVE BETHLEHEM PENNSYLVANIA 18107

Address of Defendant: 15200 KUTZTOWN ROAD, KUTZTOWN, PENNSYLVANIA 19530

Place of Accident, Incident or Transaction: 15200 KUTZTOWN ROAD, KUTZTOWN, PENNSYLVANIA 19530

*(Use Reverse Side For Additional Space)*

Does this case involve mutidistrict litigation possibilities? Yes ☐ No ☒
RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included n an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐ No ☒

CIVIL: (Place X in ONE CATEGORY ONLY)

A. *Federal Question* Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity *Jurisdiction* Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability -Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
*(Check appropriate Category)*

SIDNEY L. GOLD, ESQUIRE , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum d $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: July 10, 2013    /s/ SIDNEY L. GOLD, ESQUIRE    SLG-21374
                        Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previous ly terminated action in this court except as noted above.

DATE: July 10, 2013    /s/ SIDNEY L. GOLD, ESQUIRE    SLG-21374
                        Attorney-at-Law                Attorney I.D.#

CIV 609 (9/99)

UNITED STATES DISTRICT COURT  APPENDIX A

FOR THE EASTERN DISTRICT OF PENNSYLVANIA -DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 4322 KATHI DRIVE BETHLEHEM PENNSYLVANIA 18107

Address of Defendant: 15200 KUTZTOWN ROAD, KUTZTOWN, PENNSYLVANIA 19530

Place of Accident, Incident or Transaction: 15200 KUTZTOWN ROAD, KUTZTOWN, PENNSYLVANIA 19530

*(Use Reverse Side For Additional Space)*

Does this case involve mutidistrict litigation possibilities?  Yes☐ No☒
RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒

CIVIL: (Place X in ONE CATEGORY ONLY)

A. *Federal Question* Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity *Jurisdiction* Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability -Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
*(Check appropriate Category)*

SIDNEY L. GOLD, ESQUIRE, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: July 10, 2013      /s/ SIDNEY L. GOLD, ESQUIRE      SLG-21374
                          Attorney-at-Law                  Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: July 10, 2013      /s/ SIDNEY L. GOLD, ESQUIRE      SLG-21374
                          Attorney-at-Law                  Attorney I.D.#

CIV 609 (9/99)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

RHONDA MILLER : CIVIL ACTION

v.

KUTZTOWN UNIVERSITY and
DR. ROBERT REYNOLDS : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. § 2241 through §2255. ( )

(b) Social Security - Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(c) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(d) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(e) Standard Management -- Cases that do not fall into any one of the other tracks. (X)

July 10, 2013 /S/SIDNEY L. GOLD, ESQUIRE
Date Attorney-at-law

/S/SIDNEY L. GOLD, ESQUIRE
Attorney for Plaintiff

Wiy. (60) 7195

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RHONDA MILLER, | : | JURY TRIAL DEMANDED |
| Plaintiff | : | |
| vs. | : | |
| | : | CIVIL ACTION NO.: |
| KUTZTOWN UNIVERSITY and | : | |
| DR. ROBERT REYNOLDS, | : | |
| | : | |
| Defendants | : | |

## COMPLAINT AND JURY DEMAND

### I. PRELIMINARY STATEMENT:

1. This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Rhonda Miller ("Plaintiff Miller"), a former student of Defendants, Kutztown University ("Defendant University") and Dr. Robert Reynolds ("Defendant Reynolds"), who has been harmed by the Defendants' discriminatory and retaliatory practices.

2. This action is brought under Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, et seq. ("Title IX") and Pennsylvania common law.

### II. JURISDICTION AND VENUE:

3. The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391 as Plaintiff Miller's claims are substantively based on Title IX.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Miller's claims arising under Pennsylvania common law.

5. All conditions precedent to the institution of this suit have been fulfilled.

### III. **PARTIES**:

6. Plaintiff, Rhonda Miller ("Plaintiff Miller"), is a fifty (50) year old female individual and citizen of Commonwealth of Pennsylvania, residing therein at 4322 Kathi Drive, Bethlehem, Pennsylvania 18017.

7. Defendant, Kutztown University ("Defendant University"), is an educational institution existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located at 15200 Kutztown Road, Kutztown, Pennsylvania 19530.

8. Defendant, Dr. Robert Reynolds ("Defendant Reynolds"), is an adult male citizen of the Commonwealth of Pennsylvania, residing therein at an unknown address, with a place of business located at 15200 Kutztown Road, Kutztown, Pennsylvania 19530.

9. At all times relevant hereto, Defendant University was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant University.

## IV. STATEMENT OF FACTS:

10. In or about January of 2010, Plaintiff Miller transferred to Defendant University and in or about June of 2011 became a matriculated undergraduate honors student as a General Studies Major, with her individualized program of study focusing on Pennsylvania German Family History Research.

11. Upon her acceptance into the General Studies Major in or about June of 2011, Dr. Robert Reynolds ("Defendant Reynolds"), a Professor and the Executive Director of the Pennsylvania German Cultural Heritage Center ("PGCHC"), was assigned to be her academic advisor.

12. By way of background, Defendant Reynolds was selected as Plaintiff Miller's advisor because her Pennsylvania German Family History Research specialization required her to work closely with the PGCHC.

13. In his position as Plaintiff Miller's academic advisor, Defendant Reynolds was the instructor for much of Plaintiff Miller's individualized coursework, and had direct influence and power over her academic development and career opportunities.

14. Upon initiating their advisor-advisee relationship, Defendant Reynolds learned of Plaintiff Miller's ongoing emotional trauma from an assault she had suffered as a child.

15. Defendant Reynolds exploited Plaintiff's fragile emotional state, as stated above and leveraged the circumstances in an attempt to initiate a sexual relationship with Plaintiff Miller.

16. By way of explanation, beginning in or about July of 2011, Defendant Reynolds began subjecting Plaintiff Miller to a hostile educational environment through various instances of uninvited and unwanted sexually-offensive remarks and conduct.

17. By way of example, Defendant Reynolds frequently called Plaintiff Miller "sexy" and "hot" and told her that they were "going to become lovers" and that Plaintiff Miller would "know when the time is right."

18. Moreover, on numerous occasions, Defendant Reynolds asked Plaintiff Miller to engage in sexual intercourse with him. Specifically, Defendant Reynolds bragged about his sexual experiences and asked Plaintiff Miller to stay at his home while his family was on vacation, in order to "have sex."

19. Additionally, Defendant Reynolds sent Plaintiff Miller hundreds of unsolicited text messages, many of which included sexualized remarks, including calling her "sexy," "hot," and attempting to coerce her into having sexual intercourse.

20. Furthermore, Defendant Reynolds persistently made unwanted physical contact with Plaintiff Miller, including, but not limited to, groping parts of her body and kissing her.

21. At all times relevant hereto, Plaintiff Miller objected to the aforesaid sexually-offensive remarks and conduct, and demanded that Defendant Reynolds cease and desist.

22. Despite Plaintiff Miller's protestations, Defendant Reynolds continued his amorous pursuit of Plaintiff Miller.

23. For instance, on multiple occasions Defendant Reynolds told Plaintiff Miller that he "loved her" and "it was her fault." Moreover, he suggested that they share a hotel room during field trips.

24. Additionally, in or about September of 2011, during a PGCHC sponsored "Harvest Fest" event, Defendant Reynolds made several sexualized remarks about Plaintiff Miller in the presence of his male colleagues.

25. Ultimately, in or about December of 2011, Defendant Reynolds began aggressively abusing his power and supervisory relationship with Plaintiff Miller and commenced subjecting Plaintiff Miller to a hostile educational environment through aggressive *quid pro quo* sexual harassment.

26. Significantly, during a meeting at his home, Defendant Reynolds, without her consent, kissed Plaintiff Miller and groped her body.

27. When Plaintiff Miller protested his sexual advance, Defendant Reynolds threatened to commit suicide if she reported him to Defendant University. Moreover, Defendant Reynolds threatened Plaintiff Miller, stating that he would sabotage her academic career should she not accede to his sexual demands.

28. As a result of Defendant Reynolds' suicidal threats and his requirement that Plaintiff Miller submit to sexual contact to maintain her academic standing, Plaintiff Miller was forced to comply with Defendant Reynolds' demands.

29. As a result of the aforesaid persistent sexual harassment and the severe emotional distress caused thereby, Plaintiff Miller requested a new academic advisor in or about the beginning of January of 2012.

30. In connection therewith, on or about January 22, 2012, Plaintiff Miller and her husband sent an email to Defendant Reynolds informing him of the aforesaid and demanding that he cease any further contact with her.

31. Moreover, on or about January 23, 2012, Plaintiff Miller's husband contacted the Defendant University to inform them of Defendant Reynolds' pervasive sexual harassment of Plaintiff Miller.

32. Notwithstanding said complaint, the Defendant University failed to conduct an investigation, nor undertake any remedial action against Defendant Reynolds.

33. Immediately thereafter, the Defendants commenced a campaign of retaliation against Plaintiff Miller.

34. By way of example, Defendant Reynolds removed Plaintiff Miller from her position as Event Organizer for an upcoming Anabaptist Lecture Series and excluded her from the invitation list.

35. By way of background, Plaintiff Miller had been intimately involved in planning said Lecture Series and had arranged to meet with the visiting scholar for the purposes of procuring research guidance for a paper presentation at an academic conference that was scheduled to occur in or about June of 2013.

36. As a result of the aforesaid retaliatory acts, Plaintiff Miller was prohibited from attending said event and was no longer considered for the aforementioned research guidance and paper presentation.

37. Additionally, Defendant Reynolds revoked Plaintiff Miller's access to the Pennsylvania German Heritage Center Library and precluded her from participating in any events associated with the PGCHC.

38. Moreover, as a result of the emotional trauma and retaliation stated herein above, in or about the March of 2012, Plaintiff Miller was required to withdraw from her academic program.

39. As a result, Plaintiff Miller has been deprived of various opportunities for academic awards and scholarships, thereby adversely affecting her career opportunities.

40. In or about April of 2012, Plaintiff Miller registered yet another complaint with Defendant University regarding the egregious sexual harassment to which she was subjected by Defendant Reynolds.

41. In connection therewith, Defendant University finally conducted an investigation and on or about June 12, 2012, Defendant University "sustained" Plaintiff Miller's complaint and agreed that Defendant Reynolds acted "inappropriately."

42. However, despite "sustaining" Plaintiff Miller's complaints, Defendant University has failed to take disciplinary action against Defendant Reynolds and he continues to be employed by Defendant University as a Professor.

43. Moreover, Plaintiff Miller continues to be subjected to unlawful retaliation in response to her complaints of Defendant Reynolds' sexual harassment and conduct, including, but not limited to, the sabotage of various educational and networking opportunities.

44. By way of example, on or about June 30, 2013, Plaintiff Miller was informed by Dr. David Valuska ("Valuska"), Professor Emeritus of History with Defendant University and President of the PGCHC Advisory Board, that he would not assist her with her honors research project as promised, because he "did not want anything to do with [Plaintiff Miller]" falsely stating that he had "been told that [Plaintiff Miller] was in trouble with the University."

## COUNT I
### (Title IX - Hostile Educational Environment, Sexual Harassment)
### Plaintiff Miller v. Defendant University

45. Plaintiff Miller incorporates by reference paragraphs 1 through 44 of her Complaint as though fully set forth at length herein.

46. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Miller to a hostile educational environment and quid pro quo sexual harassment, constituted a violation of Title IX.

47. As a direct result of the aforesaid unlawful practices engaged in by the Defendant in violation of Title IX, Plaintiff Miller sustained permanent and irreparable harm, resulting in the loss of educational and employment opportunities, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power.

48. As a further direct result of the aforesaid unlawful practices engaged in by the Defendant in violation of Title IX, Plaintiff Miller suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### COUNT II
### (Title IX - Retaliation)
### Plaintiff Miller v. Defendant University

49. Plaintiff Miller incorporates by reference paragraphs 1 through 48 of her Complaint as though fully set forth at length herein.

50. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Miller to unlawful retaliation, in response to registering complaints about unlawful sexual harassment, constituted a violation of Title IX.

51. As a direct result of the aforesaid unlawful retaliatory practices engaged in by the Defendant in violation of Title IX, Plaintiff Miller sustained permanent and irreparable harm, resulting in the loss of educational and employment opportunities, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, and interest due thereon.

52. As a further direct result of the aforesaid unlawful retaliatory practices engaged in by the Defendant in violation of Title IX, Plaintiff Miller suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
## (Assault and Battery)
## Plaintiff Miller v. Defendant Reynolds

53. Plaintiff Miller incorporates by reference paragraphs 1 through 52 of this Complaint as though fully set forth at length herein.

54. As aforesaid, Defendant Reynolds intentionally engaged in harmful and offensive contact with Plaintiff Miller, thereby committing assault and battery upon her person.

55. Defendant Reynolds' conduct was motivated by an attempt to satisfy and gratify his own personal and sexual desires for Plaintiff Miller.

56. As a result of the intentional and reckless conduct involving Plaintiff Miller's body by Defendant Reynolds, as aforesaid, Plaintiff Miller has suffered harm including severe emotional distress, humiliation, loss of self esteem and pain and suffering.

## COUNT IV
## (Intentional Infliction of Emotional Distress)
## Plaintiff v. Defendant Reynolds

57. Plaintiff Miller incorporates by reference paragraphs 1 through 56 of this Complaint as though fully set forth at length herein.

58. As aforesaid, Defendant Reynolds conduct toward Plaintiff was so "outrageous" in character and so extreme in degree as to go beyond all possible bounds

of decency, and to be regarded as atrocious and utterly intolerable in any civilized society.

59. As a result of the intentional and reckless conduct involving Plaintiff Miller's body by Defendant Reynolds, as aforesaid, Plaintiff Miller has suffered harm including severe emotional distress, humiliation, loss of self esteem and pain and suffering.

## PRAYER FOR RELIEF

60. Plaintiff Miller incorporates by reference paragraphs 1 through 59 of her Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Miller requests that this Court enter judgment in her favor and against the Defendant, and order that:

a. Defendant pay to Plaintiff Miller punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

b. Defendant pay to Plaintiff Miller, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

c. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Miller demands trial by jury.

                                              **SIDNEY L. GOLD & ASSOCIATES, P.C.**

By: *Sidney L. Gold*
/s/ Sidney L. Gold, Esquire
**SIDNEY L. GOLD, ESQUIRE**
I.D. NO.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorney for Plaintiff**

DATED:     July 10, 2013

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 7-8-13

_____
RHONDA MILLER