IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RHONDA MILLER, | : | JURY TRIAL DEMANDED |
| Plaintiff | : | |
| vs. | : | |
| | : | CIVIL ACTION NO.: 13-3993-LS |
| KUTZTOWN UNIVERSITY and | : | |
| DR. ROBERT REYNOLDS, | : | |
| | : | |
| Defendants | : | |

## AMENDED COMPLAINT AND JURY DEMAND

### I. PRELIMINARY STATEMENT:

1. This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Rhonda Miller ("Plaintiff Miller"), a former student of Defendants, Kutztown University ("Defendant University") and Dr. Robert Reynolds ("Defendant Reynolds") who has been harmed by the Defendants' discriminatory and retaliatory practices.

2. This action is brought under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq. ("Title IX") and Pennsylvania common law.

### II. JURISDICTION AND VENUE:

3. The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391 as Plaintiff Miller's claims are substantively based on Title IX.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Miller's claims arising under Pennsylvania common law.

5. All conditions precedent to the institution of this suit have been fulfilled.

### III. PARTIES:

6. Plaintiff, Rhonda Miller ("Plaintiff Miller"), is a fifty (50) year old female individual and citizen of Commonwealth of Pennsylvania, residing therein at 4322 Kathi Drive, Bethlehem, Pennsylvania 18017.

7. Defendant, Kutztown University ("Defendant University"), is an educational institution existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located at 15200 Kutztown Road, Kutztown, Pennsylvania 19530.

8. Defendant, Dr. Robert Reynolds ("Defendant Reynolds"), is an adult male citizen of the Commonwealth of Pennsylvania, residing therein at an unknown address, with a place of business located at 15200 Kutztown Road, Kutztown, Pennsylvania 19530.

9. At all times relevant hereto, Defendant University was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant University.

## IV. STATEMENT OF FACTS:

10. In or about January of 2010, Plaintiff Miller transferred to Defendant University and in or about June of 2011 became a matriculated undergraduate honors student as a General Studies Major, with her individualized program of study focusing on Pennsylvania German Family History Research.

11. Upon her acceptance into the General Studies Major in or about June of 2011, Dr. Robert Reynolds ("Defendant Reynolds"), a Professor and the Executive Director of the Pennsylvania German Cultural Heritage Center ("PGCHC"), was assigned to be her academic advisor.

12. By way of background, Defendant Reynolds was selected as Plaintiff Miller's advisor because her Pennsylvania German Family History Research specialization required her to work closely with the PGCHC.

13. In his position as Plaintiff Miller's academic advisor, Defendant Reynolds was the instructor for much of Plaintiff Miller's individualized coursework, and had direct influence over her academic development and career opportunities.

14. Upon initiating their advisor-advisee relationship, Defendant Reynolds learned of Plaintiff Miller's ongoing emotional trauma from an assault she had suffered as a child.

15. Defendant Reynolds exploited Plaintiff's fragile emotional state as stated above and leveraged the circumstances in an attempt to initiate a sexual relationship with Plaintiff Miller.

16. By way of explanation, beginning in or about July of 2011, Defendant Reynolds began aggressively abusing his power and supervisory relationship with Plaintiff Miller and commenced subjecting the Plaintiff Miller to a hostile work environment through various instances of uninvited and unwanted sexually-offensive remarks and aggressive *quid pro quo* sexual harassment.

17. By way of example, Defendant Reynolds frequently called Plaintiff Miller "sexy" and "hot" and told her that they were "going to become lovers" and that Plaintiff Miller would "know when the time is right."

18. Moreover, on numerous occasions, Defendant Reynolds asked Plaintiff Miller to engage in sexual intercourse with him. Specifically, Defendant Reynolds bragged about his sexual experiences and asked Plaintiff Miller to stay at his home while his family was on vacation, in order to "have sex."

19. Additionally, Defendant Reynolds sent Plaintiff Miller hundreds of unsolicited text messages, many of which included sexualized remarks, including calling her "sexy," "hot," and attempting to coerce her into having sexual intercourse.

20. Furthermore, Defendant Reynolds persistently made unwanted physical contact with Plaintiff Miller, including, but not limited to, groping parts of her body and kissing her.

21. Significantly, during a meeting at his home in or about July of 2011, Defendant Reynolds, subjected her to unwanted sexual innuendo and menacing physical advances, in close proximity to her person, thereby placing her in immediate apprehension of bodily harm.

22. When Plaintiff Miller protested his sexual advance, Defendant Reynolds threatened to commit suicide if she reported him to Defendant University. Moreover, Defendant Reynolds threatened Plaintiff Miller, stating that he would sabotage her academic career should she not accede to his sexual demands.

23. When Plaintiff Miller once again rejected his advances, Defendant Reynolds, without her consent, began kissing Plaintiff Miller and groped her buttocks, breasts, and vagina.

24. At all times relevant hereto, Plaintiff Miller objected to the aforesaid sexually-offensive remarks and conduct, and demanded that Defendant Reynolds cease his offensive behavior.

25. Despite, Plaintiff Miller's protestations, Defendant Reynolds continued his lustful pursuit of Plaintiff Miller.

26. For instance, on multiple occasions Defendant Reynolds told Plaintiff Miller that he "loved her" and "it was her fault." Moreover, he suggested that they share a hotel room during field trips.

27. Additionally, in or about September of 2011, during a PGCHC sponsored "Harvest Fest" event, Defendant Reynolds made several sexualized remarks about Plaintiff Miller in front of his male colleagues.

28. As a result of the aforesaid persistent sexual harassment and the severe emotional distress caused thereby, Plaintiff Miller requested a new academic advisor in or about the beginning of January of 2012.

29. In connection therewith, on or about January 22, 2012, Plaintiff Miller and her husband sent an email to Defendant Reynolds informing him of the aforesaid and demanding that he cease any further contact with her.

30. Moreover, on or about January 23, 2012, Plaintiff Miller and her husband contacted the Defendant University to inform them of Defendant Reynolds' pervasive sexual harassment of Plaintiff Miller. Specifically, Plaintiff Miller and her husband contacted John Green ("Green), Associate Vice President of University Advancement, who then forwarded Plaintiff Miller's complaint to Jason Ketter ("Ketter"), Executive Director and Jesus Pena ("Pena"), Associate Vice President of Equity and Compliance.

31. Notwithstanding said complaint, the Defendant University failed to conduct an investigation, nor undertake any remedial action against Defendant Reynolds.

32. Immediately thereafter, the Defendants commenced a campaign of retaliation against Plaintiff Miller.

33. By way of further example, in or about early February of 2012, Defendant Reynolds removed Plaintiff Miller from her position as Event Organizer for an upcoming Anabaptist Lecture Series and was excluded from the invitation list.

34. By way of further example, in or about mid-February of 2012, Edward Quinter ("Quinter"), employed by the Defendant University as a Professor in the Pennsylvania German Studies Program, refused to collaborate with Plaintiff Miller on an honors research project vital to her studies, despite previously promising his assistance.

35. By way of background, Plaintiff Miller had been intimately involved in planning said Lecture Series and had arranged to meet with the visiting scholar for the

purposes of procuring research guidance for a paper presentation at an academic conference in or about June of 2013.

36. As a result of the aforesaid retaliatory acts, Plaintiff Miller was prohibited from attending said event and was no longer considered for the aforementioned research guidance and paper presentation.

37. Additionally, in or about the beginning of March of 2012, Defendant University revoked Plaintiff Miller's access to the Pennsylvania German Heritage Center Library and she was precluded from participating in any German heritage events being hosted on campus, including events in which Defendant Reynolds was not a participant.

38. Said restrictions prevented Plaintiff Miller from pursuing her Pennsylvania German Family History Research studies. As a result of this retaliation, and the emotional trauma created thereby, in or about mid-March of 2012, Plaintiff Miller was required to withdraw from her academic program.

39. Consequently, Plaintiff Miller has been deprived of various opportunities for academic awards and scholarships, thereby adversely affecting her career opportunities.

40. In or about April of 2012, Plaintiff Miller registered yet another complaint with Green, Ketter, and Pena regarding the egregious sexual harassment to which she was subjected by Defendant Reynolds.

41. In connection therewith, Defendant University finally conducted an investigation and on or about June 12, 2012, Defendant University "sustained" Plaintiff Miller's complaint and agreed that Defendant Reynolds acted "inappropriately."

42. However, despite "sustaining" Plaintiff Miller's complaints, Defendant University has failed to take disciplinary action against Defendant Reynolds and he continues to be employed by Defendant University as a Professor.

43. Moreover, Plaintiff Miller continues to be subjected to unlawful retaliation in response to her complaints of Defendant Reynolds' sexual harassment and conduct, including, but not limited to, sabotaging various educational and networking opportunities.

44. By way of example, in or about early July of 2012, the Defendant University revoked her invitation to a previously scheduled campus visit from the German Ambassador to the United States.

45. By way of further example, on or about June 30, 2013, Plaintiff Miller was informed by Dr. David Valuska ("Valuska"), Professor Emeritus of History with Defendant University and current President of the PGCHC Advisory Board, that he would not assist her with her honors research project as promised, because he "did not want anything to do with [Plaintiff Miller]" stating that he had "been told that [Plaintiff Miller] was in trouble with the University."

46. Moreover, on or about October 15, 2013, Plaintiff Miller received an email from Robert Watrous ("Watrous"), Associate Vice Provost, informing her that she was prohibited from participating in co-curricular activities.

## COUNT I
### (Title IX - Retaliation)
### Plaintiff Miller v. Defendant University

47. Plaintiff Miller incorporates by reference paragraphs 1 through 46 of her Complaint as though fully set forth at length herein.

48. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Miller to unlawful retaliation, in response to registering complaints about unlawful sexual harassment, constituted a violation of Title IX.

49. As a direct result of the aforesaid unlawful retaliatory practices engaged in by the Defendant in violation of Title IX, Plaintiff Miller sustained permanent and irreparable harm, resulting in the loss of educational and employment opportunities, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, and interest due thereon.

50. As a further direct result of the aforesaid unlawful retaliatory practices engaged in by the Defendant in violation of Title IX, Plaintiff Miller suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (Assault and Battery)
### Plaintiff Miller v. Defendant Reynolds

51. Plaintiff Miller incorporates by reference paragraphs 1 through 50 of this Complaint as though fully set forth at length herein.

52. As aforesaid, Defendant Reynolds intentionally engaged in harmful and offensive contact with Plaintiff Miller, thereby committing assault and battery upon her person.

53. Defendant Reynolds' conduct was motivated by an attempt to satisfy and gratify his own personal and sexual desires for Plaintiff Miller.

54. As a result of the intentional and reckless conduct involving Plaintiff Miller's body by Defendant Reynolds, as aforesaid, Plaintiff Miller has suffered harm including severe emotional distress, humiliation, loss of self esteem and pain and suffering.

## COUNT III
### (Intentional Infliction of Emotional Distress)
### Plaintiff v. Defendant Reynolds

55. Plaintiff Miller incorporates by reference paragraphs 1 through 54 of this Complaint as though fully set forth at length herein.

56. As aforesaid, Defendant Reynolds conduct toward Plaintiff was so "outrageous" in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in any civilized society.

57. As a result of the intentional and reckless conduct involving Plaintiff

Miller's body by Defendant Reynolds, as aforesaid, Plaintiff Miller has suffered harm including severe emotional distress, humiliation, loss of self esteem and pain and suffering.

## **PRAYER FOR RELIEF**

58. Plaintiff Miller incorporates by reference paragraphs 1 through 57 of her Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Miller requests that this Court enter judgment in her favor and against the Defendants, and order that:

a. Defendants pay to Plaintiff Miller compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

b. Defendant Reynolds pay to Plaintiff Miller punitive damages.

c. Defendants pay to Plaintiff Miller, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

d. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Miller demands trial by jury.

                                        **SIDNEY L. GOLD & ASSOCIATES, P.C.**

By: *Sidney L. Gold*
/s/ Sidney L. Gold, Esquire
SIDNEY L. GOLD, ESQUIRE
I.D. NO.: 21374
WILLIAM RIESER, ESQUIRE
I.D. NO.: 312442
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorneys for Plaintiff**

DATED:     October 25, 2013

## VERIFICATION

I hereby verify that the statements contained in this **Amended Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 10-24-13

*Rhonda Miller* (signature)
**RHONDA MILLER**

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of Plaintiff's Amended Complaint and Jury Demand to be served by first class regular mail, postage prepaid and/or via electronic mail (available for viewing on the Court's ecf system) upon the following:

Sue Ann Unger, Esquire
Senior Deputy Attorney
Office of Attorney General
Litigation Section
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
215-560-2127| Phone
215-560-1031| Facsimile
sunger@attorneygeneral.gov

Linda C. Barrett, Esquire
Senior Deputy General Counsel
OFFICE OF GENERAL COUNSEL
333 Market Street, 17th Floor
Harrisburg, PA 17101
Tel: (717) 783-6563
Fax: (717) 787-1778
lbarrett@pa.gov

SIDNEY L. GOLD & ASSOCIATES, P.C.

By: *Sidney L. Gold*
/s/ Sidney L. Gold, Esquire
SIDNEY L. GOLD, ESQUIRE
WILLIAM RIESER, ESQUIRE
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorneys for Plaintiff**

DATED:     October 25, 2013