# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RHONDA MILLER,<br>      Plaintiff,<br><br>v.<br><br>KUTZTOWN UNIVERSITY and<br>DR. ROBERT REYNOLDS,<br>      Defendants | Docket No. 5:13-cv-03993 |

## ANSWER OF DR. ROBERT REYNOLDS TO AMENDED COMPLAINT

AND NOW, comes defendant Robert Reynolds, Ph.D., by his attorney, Linda C. Barrett, Senior Deputy General Counsel, and submits the following Answer to the Amended Complaint (Doc. No. 10).

## FIRST AFFIRMATIVE DEFENSE

1. ADMITTED in part, DENIED in part. It is admitted that Rhonda Miller is the plaintiff in this action. It is admitted that Kutztown University and Dr. Robert Reynolds are defendants. Defendant Reynolds is without knowledge sufficient to form a belief about the current academic standing of plaintiff which is a subject more properly addressed by the defendant Kutztown University, therefore, this allegation is DENIED. The remaining allegations contain conclusions of law to which no response is required, to the extent they are deemed factual they are DENIED.

2-5.  Paragraphs 2-5 contain conclusions of law to which no response is required.

6.  ADMITTED in part, DENIED in part. It is ADMITTED that Rhonda Miller is the plaintiff in this case and that she is female and older than Dr. Reynolds. Based upon a review of plaintiff's Kutztown University General Prospectus submitted to Dr. Reynolds, it is ADMITTED that Rhonda Miller did reside at 4322 Kathi Drive, Bethlehem, Pennsylvania 18017 at one time. After reasonable investigation, Dr. Reynolds is without sufficient information to form a belief regarding plaintiff's actual age. The remaining allegations are conclusions of law to which no response is required, to the extent these are deemed factual, they are DENIED.

7.  This allegation is more properly directed to defendant Kutztown University. No response for answering defendant Dr. Reynolds is required.

8.  ADMITTED in part, DENIED in part. Dr. Reynolds DENIES the implication by plaintiff that she is unaware of his home address as plaintiff Miller invited herself, unsolicited, to his home on several occasions. The remaining allegations are ADMITTED.

9.  Paragraph 9 contains conclusions of law to which no response is required and is more properly directed to defendant Kutztown University.

10. After reasonable investigation, Dr. Reynolds is without knowledge sufficient to form a belief about precisely when plaintiff Miller transferred to Kutztown University. It is ADMITTED that on June 1, 2011, Interim Associate Dean Dawn Slack of the College of Liberal Arts and Sciences, sent plaintiff Miller a letter informing her that her application to be a General Studies major (BS General Studies with a concentration in Pennsylvania German Studies) was approved. The remaining allegations are DENIED.

11. DENIED as stated. Dr. Reynolds is an associate professor at Kutztown University. Dr. Reynolds was the Executive Director of the Pennsylvania German Cultural Heritage Center. It was plaintiff Miller who proposed to Dr. Reynolds that he serve as her academic advisor after she had taken two of his classes while enrolled at East Stroudsburg University and devised a course of study in an area related to Dr. Reynolds' academic expertise. Dr. Reynolds agreed to serve as plaintiff's academic advisor at her request.

12. DENIED as stated. It was plaintiff Miller who "selected" Dr. Reynolds to be her advisor. By way of further answer, plaintiff Miller proposed to Dr. Reynolds that he serve as her academic advisor after she had taken two of his classes while enrolled at East Stroudsburg University and devised a course of study in an area related to Dr. Reynolds' academic expertise. Dr. Reynolds agreed to serve as plaintiff's academic advisor at her request.

13. DENIED as stated. Plaintiff Miller purposely designed her coursework to assure that Dr. Reynolds served as a primary instructor for the independent study projects she designed as part of her specialized General Studies major.

14. DENIED.

15. DENIED.

16. DENIED.

17. DENIED as stated. By way of further answer, plaintiff Miller repeatedly asked Dr. Reynolds if she was "hot" and "sexy" as she aggressively pursued a personal relationship with Dr. Reynolds insinuating herself into all aspects of his life and the lives of his family members. Dr. Reynolds ADMITS responding to Miller's self-initiated question using those precise terms asking whether she was "sexy" and "hot." Dr. Reynolds ADMITS that he responded with an answer that Miller was attractive and that she appeared "sexy" in an outfit that she had worn specifically to provoke such a response from Dr. Reynolds by asking him "how do I look? Do I look sexy?" Dr. Reynolds ADMITS that plaintiff Miller relentlessly pursued and often demanded personal time with him. By way of further answer, plaintiff Miller was the aggressor in seeking physical contact with Dr. Reynolds.

18. DENIED.

19. ADMITTED in part, DENIED in part. It is ADMITTED that Dr. Reynolds sent a large number of text messages to plaintiff Miller at her request. Plaintiff Miller suggested that Dr. Reynolds obtain a smart phone when his old cellular phone needed to be replaced. She explained that they could communicate with one another more easily if he had such a phone like her phone. Dr. Reynolds was unaccustomed to using text messaging as a communication tool and used it a great deal after he first purchased a smart phone. Plaintiff Miller continually encouraged him to send text messages to her of a personal nature and she also sent similar messages to him. Dr. Reynolds and plaintiff Miller also used text messaging as a means to communicate about her academic work as well. The remaining allegations that Dr. Reynolds attempted to coerce plaintiff Miller into having sexual intercourse is DENIED.

20. DENIED as stated. By way of further answer, it was plaintiff Miller who persistently initiated physical contact with Dr. Reynolds. Any physical contact was voluntary and consensual on the part of plaintiff Miller. Dr. Reynolds DENIES that he forced himself upon plaintiff Miller in any way. Rather, plaintiff Miller frequently directed any touching upon her by Dr. Reynolds.

21. DENIED.

22. DENIED.

23. DENIED.

5

24. DENIED.

25. DENIED.

26. DENIED.

27. DENIED.

28. Paragraph 28 contains conclusions of law to which no response is required. To the extent they are deemed factual, the allegations are DENIED as stated. Dr. Reynolds DENIES that plaintiff's motives for seeking a new academic advisor were prompted by persistent sexual harassment as no persistent sexual harassment of plaintiff Miller took place. Dr. Reynolds does ADMIT that after Dr. Reynolds tried to establish boundaries with plaintiff Miller, she made false allegations of sexual harassment against him and asked for a new advisor.

29. ADMITTED in part, DENIED in part. It is ADMITTED that Jerry Miller, plaintiff's husband, sent an email to Dr. Reynolds on January 22, 2012. Dr. Reynolds expressly DENIES that the content of that email accurately portrays the events discussed in the email. The remaining allegations are DENIED.

30. ADMITTED in part. DENIED in part. It is ADMITTED that Jerry Miller contacted John Green on January 23, 2012. Dr. Reynolds DENIES that Jerry Miller accurately reported the events that transpired between plaintiff Miller and himself. Dr. Reynolds is without knowledge sufficient to form a belief regarding how and when plaintiff Miller's communications or the communications

from her husband were forwarded through University channels; therefore, those factual allegations are DENIED. The remaining allegations are conclusions of law to which no response is required, to the extent they are deemed factual, they are expressly DENIED.

31. Paragraph 31 pertains to allegations against defendant Kutztown University and does not require a response from Dr. Reynolds.

32. Paragraph 32 recites conduct attributable to both Dr. Reynolds and Kutztown University. Dr. Reynolds DENIES that he engaged in any retaliation against plaintiff Miller. To the contrary, plaintiff Miller has engaged in a campaign of retaliation and defamation against Dr. Reynolds for trying to extract himself from plaintiff Miller's pursuit of him.

33. DENIED. By way of further answer, plaintiff Miller refused to follow through on activities associated with the Anabaptist Lecture Series. Plaintiff Miller did in fact attend the lecture series with her husband.

34. Paragraph 34 pertains to allegations against defendant Kutztown University and does not require a response from Dr. Reynolds.

35. ADMITTED in part, DENIED in part. It is ADMITTED that plaintiff Miller provided assistance in making arrangements with a visiting scholar to participate in the lecture series. Dr. Reynolds DENIES that he is responsible for

plaintiff Miller's inability to arrange a separate meeting with this scholar to discuss her research. The remaining allegations are DENIED.

36. DENIED. Plaintiff Miller did attend the lecture given by this visiting scholar with her husband. She also attended a second lecture in this series with her husband and even asked questions. By way of further answer, there were only two lectures given in connection with this Lecture Series.

37. Paragraph 37 contains allegations pertaining to defendant Kutztown University and does not require an answer from Dr. Reynolds.

38. Paragraph 38 contains conclusions of law to which no response is required, to the extent they are deemed factual, they are DENIED.

39. After reasonable investigation, Dr. Reynolds is without knowledge sufficient to form a belief about the truth or falsity of the allegations in paragraph 39, therefore, these allegations must be DENIED.

40. ADMITTED in part, DENIED in part. It is ADMITTED that plaintiff Miller filed a complaint with Kutztown University alleging sexual harassment. Dr. Reynolds DENIES that he engaged in any sexual harassment.

41. Paragraph 41 refers to conduct on behalf of another defendant and no response from Dr. Reynolds is required.

42. DENIED as stated. Dr. Reynolds was disciplined. He was not disciplined for sexual harassment as no finding of sexual harassment was made.

He was disciplined for having a personal consensual relationship with a student. By way of further answer, Kutztown University did not have a policy prohibiting personal relationships with students. It is DENIED that Dr. Reynolds is a full professor. He is an associate professor at Kutztown University.

43. DENIED.

44-46. After reasonable investigation, Dr. Reynolds is without knowledge sufficient to form a belief about the truth or falsity of the allegations in paragraphs 44-46. Dr. Reynolds has no personal knowledge about these allegations, to the extent a response is necessary, the allegations in paragraphs 44-46 are DENIED.

47. Dr. Reynolds incorporates by reference his responses to paragraphs 1-46 of this Answer.

48. Paragraph 48 refers to conduct that is not applicable to answering defendant. As such no response is required.

49. Paragraph 49 refers to conduct that is not applicable to answering defendant. As such no response is required.

50. Paragraph 50 refers to conduct that is not applicable to answering defendant. As such no response is required.

51. Dr. Reynolds incorporates by reference his responses to paragraphs 1-50 of this Answer.

52. Paragraph 52 contains conclusions of law to which no response is required; to the extent they are deemed factual, they are DENIED.

53. Paragraph 53 contains conclusions of law to which no response is required; to the extent they are deemed factual, they are DENIED.

54. Paragraph 54 contains conclusions of law to which no response is required. To the extent they are deemed factual, they are DENIED.

55. Dr. Reynolds incorporates by reference his responses to paragraphs 1-55 of this Answer.

56. Paragraph 56 contains conclusions of which no response is required, to the extent they are deemed factual, they are DENIED.

57. Paragraph 57 contains conclusions of law to which no response is required, to the extent they are deemed factual they are DENIED.

58. Paragraph 58 requires no response.

### SECOND AFFIRMATIVE DEFENSE

The complaint fails to state a claim for which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff consented to any physical conduct with defendant Reynolds.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff pursued Dr. Reynolds and encouraged his behavior which plaintiff Miller welcomed.

## FIFTH AFFIRMATIVE DEFENSE

Any injuries or losses suffered by the plaintiff were the direct result of her own conduct actions or omissions, or were caused by the conduct or actions of third parties over whom the defendant has no control or responsibility.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk when she engaged in a personal relationship with Dr. Reynolds.

## SEVENTH AFFIRMATIVE DEFENSE

Dr. Reynolds did not cause plaintiff's emotional distress.

## EIGHTH AFFIRMATIVE DEFENSE

Dr. Reynolds is entitled to sovereign immunity.

## NINTH AFFIRMATIVE DEFENSE

Dr. Reynolds did not act with intentional or reckless disregard of plaintiff.

## TENTH AFFIRMATIVE DEFENSE

The statute of limitations bars certain claims.

**WHEREFORE,** Dr. Reynolds requests that Counts III and IV of plaintiff's Amended Complaint be dismissed with prejudice.

A JURY TRIAL IS HEREBY DEMANDED TO THE EXTENT PERMITTED BY LAW.

Respectfully submitted,

December 20, 2013        By:    /s/Linda C. Barrett
                                **LINDA C. BARRETT**
                                Senior Deputy General Counsel
                                PA ID No. 46543
                                OFFICE OF GENERAL COUNSEL
                                333 Market Street, 17th Floor
                                Harrisburg, PA 17101
                                Tel: (717) 783-6563
                                Fax: (717) 787-1778
                                lbarrett@pa.gov

                                *Counsel for Defendant Dr. Reynolds*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RHONDA MILLER,<br>      Plaintiff,<br><br>v.<br><br>KUTZTOWN UNIVERSITY and<br>DR. ROBERT REYNOLDS,<br>      Defendants | Docket No. 5:13-cv-03993 |

## VERIFICATION

I, ROBERT REYNOLDS, Ph.D., hereby certify that the factual statement(s) made in the Answer to the Amended Complaint are true and correct to the best of my knowledge, information and belief. This verification is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsifications to authorities.

Dated: 12-18-13

                      _____
                      ROBERT REYNOLDS, Ph.D.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RHONDA MILLER,<br>    **Plaintiff,**<br><br>v.<br><br>KUTZTOWN UNIVERSITY and<br>DR. ROBERT REYNOLDS,<br>    **Defendants** | Docket No. 5:13-cv-03993 |

## CERTIFICATE OF SERVICE

I, Linda C. Barrett, certify that on December 20, 2013, I served this Answer of Dr. Robert Reynolds to Amended Complaint by Notice of Docket Activity sent automatically by CM/ECF on the following counsel who are registered as CM/ECF filing users who have consented to accepting electronic service through CM/ECF:

    Sidney L. Gold, Esquire
    William Rieser, Esquire
    SIDNEY L. GOLD & ASSOCIATES, PC
    Eleven Penn Center
    1835 Market Street, Suite 515
    Philadelphia, PA 19103
    Tel: 215-569-1999
    Fax: 215-569-3870
    sgold@discrimlaw.net
    brieser@discrimlaw.net
    *Counsel for Rhonda Miller*

*(continued on next page)*

Sue Ann Unger
Senior Deputy Attorney General
OFFICE OF ATTORNEY GENERAL
Litigation Section
21 South 12th Street, 3rd Floor
Philadelphia, PA 19107
Tel: 215-560-2127
Fax: 215-560-1031
sunger@attorneygeneral.gov

*Counsel for Defendant Kutztown University*

Date: December 20, 2013    /s/Linda C. Barrett
                                                        LINDA C. BARRETT
                                                        Senior Deputy General Counsel

                                                        *Counsel for Defendant Dr. Reynolds*