IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RHONDA MILLER :
        PLAINTIFF :
   v. :
  :
KUTZTOWN UNIVERSITY and :
DR. ROBERT REYNOLDS : NO. 13cv3993
        DEFENDANT :

## DEFENDANT KUTZTOWN UNIVERSITY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Kutztown University responds as follows to plaintiff's amended complaint:

## ANSWER

PLAINTIFF'S PRELIMINARY STATEMENT

1. Admitted that plaintiff is Rhonda Miller who was a student at Kutztown University and a former student of Dr. Robert Reynolds. Remaining factual allegations are denied and conclusions of law require no response.

2. This is a conclusion of law requiring no response.

JURISDICTION AND VENUE

3. This is a conclusion of law requiring no response.

4. This is a conclusion of law requiring no response.

5. This is a conclusion of law requiring no response.

PARTIES

6. Factual allegations are admitted upon belief, and conclusions of law require no response.

7. Factual allegations are admitted and conclusions of law require no response.

8. Admitted that Dr. Reynolds is an adult male and that he works at Kutztown University, located at the address averred. Admitted upon belief that he is a citizen of the

Commonwealth of Pennsylvania. Remaining factual allegations are denied and conclusions of law require no response.

9. To the extent that the averment is an allegation of fact, admitted that at some times relevant hereto, Kutztown University was acting through its agents who were acting within the course of employment. Remaining factual allegations are denied and conclusions of law require no response.

PLAINTIFF'S STATEMENT OF FACTS

10. Admitted that plaintiff transferred to Kutztown University in about 2010 and that she majored in General Studies with a concentration in Pennsylvania German Studies. Remaining factual allegations are denied.

11. Admitted that at some point in or about Spring of 2011, Dr. Reynolds became her academic advisor. Admitted that Dr. Reynolds is an associate professor and was the Executive Director of the Pennsylvania German Cultural Heritage Center. Remaining factual allegations are denied.

12. Denied in that Kutztown University lacks sufficient knowledge and information to form a belief as to the truth of this averment.

13. Denied in that Kutztown University lacks sufficient knowledge and information to form a belief as to the truth of this averment.

14. Denied in that Kutztown University lacks sufficient knowledge and information to form a belief as to the truth of this averment.

15. Denied in that the internal investigation report by the Kutztown University Office of Social Equity Associate Vice President of Equity and Compliance and Equity Coordinator speaks for itself and, apart from that report, Kutztown University lacks sufficient knowledge and information to form a belief as to the truth of this averment.

16. Denied in that the investigation report speaks for itself and, apart from that report, Kutztown University lacks sufficient knowledge and information to form a belief as to the truth of this averment.

17. Denied in that the investigation report speaks for itself and, apart from that report, Kutztown University lacks sufficient knowledge and information to form a belief as to the truth of this averment.

18. Denied in that Kutztown University lacks sufficient knowledge and information to form a belief as to the truth of this averment.

19. Denied in that the investigation report speaks for itself and, apart from that report, Kutztown University lacks sufficient knowledge and information to form a belief as to the truth of this averment.

20. Denied in that the investigation report speaks for itself and, apart from that report, Kutztown University lacks sufficient knowledge and information to form a belief as to the truth of this averment.

21. Denied in that the investigation report speaks for itself and, apart from that report, Kutztown University lacks sufficient knowledge and information to form a belief as to the truth of this averment.

22. Denied in that the investigation report speaks for itself and, apart from that report, Kutztown University lacks sufficient knowledge and information to form a belief as to the truth of this averment.

23. Denied in that the investigation report speaks for itself and, apart from that report, Kutztown University lacks sufficient knowledge and information to form a belief as to the truth of this averment.

24. Denied in that the investigation report speaks for itself and, apart from that report, Kutztown University lacks sufficient knowledge and information to form a belief as to the truth of this averment.

25. Denied in that the investigation report speaks for itself and, apart from that report, Kutztown University lacks sufficient knowledge and information to form a belief as to the truth of this averment.

26. Denied in that the investigation report speaks for itself and, apart from that report, Kutztown University lacks sufficient knowledge and information to form a belief as to the truth of this averment.

27. Denied in that the investigation report speaks for itself and, apart from that report, Kutztown University lacks sufficient knowledge and information to form a belief as to the truth of this averment.

28. Denied in that the investigation report speaks for itself and, apart from that report, Kutztown University lacks sufficient knowledge and information to form a belief as to the truth of this averment.

29. Admitted that plaintiff's husband sent an email to Dr. Reynolds on January 22, 2012, and that said email speaks for itself and demands that Dr. Reynolds cease contact with plaintiff. (A true and correct copy of the email trail beginning with said email is attached as Exhibit 1). Remaining factual allegations are denied in that the email and investigation report speak for themselves and, apart from Exhibit 1 and the report, Kutztown University lacks sufficient knowledge and information to form a belief as to the truth of this averment.

30. Admitted that plaintiff's husband contacted John Green on or about January 23, 2012, and that exhibited email contact speaks for itself. Exhibit 1. Remaining factual

4

allegations are denied in that the investigation report speaks for itself and, apart from that report, Kutztown University lacks sufficient knowledge and information to form a belief as to the truth of the remaining averments.

31. Admitted that upon plaintiff's request, Kutztown University did not take any additional immediate action after forwarding plaintiff's husband's email to Mr. Jesus Pena, Associate Vice President for Equity and Compliance for his office to conduct an investigation and then receiving an email from plaintiff on January 24, 2012, which stated: "I understand the official process for filing a complaint; at this time, I do not wish to initiate an investigation. . . It is also my sincere hope that this matter can be resolved without moving forward in an official process. However, I am aware of my rights and should it become necessary to exercise them in the future, I understand the process and statute of limitations." Exhibit 1. Remaining factual allegations are denied.

32. Denied.

33. Denied in that Kutztown University lacks sufficient knowledge and information to form a belief as to the truth of this averment.

34. Admitted that Edward Quinter is employed as an adjunct professor in the Pennsylvania German Studies Program. Remaining factual allegations are denied.

35. Denied in that Kutztown University lacks sufficient knowledge and information to form a belief as to the truth of this averment.

36. Denied.

37. Denied.

38. The term "withdrew from her academic program" is denied in that is unclear. Remaining factual allegations are denied and conclusions of law require no response.

39. Denied.

40. Admitted that in April of 2012, plaintiff through counsel complained about Dr. Reynolds' alleged sexual harassment. Remaining factual allegations are denied.

41. Admitted that Kutztown University conducted an investigation and on June 12, 2012, sustained part of plaintiff's complaint in part as to inappropriate behavior as an advisor is engaging in relationship with student. Remaining factual allegations are denied.

42. Denied that Kutztown University failed to take disciplinary action against Dr. Reynolds. Admitted that he continues to be employed as an associate professor at Kutztown University. Remaining factual allegations are denied.

43. Denied.

44. Denied.

45. Admitted that Dr. David Valuska is a professor emeritus of History with Defendant University head of the PGCHC Advisory Committee. Denied that the Advisory Committee is a Board. Remaining factual allegations denied upon belief.

46. Admitted that Associate Vice Provost Watrous communicated in writing with plaintiff who did not pay the fees requisite to participate in certain student activities; admitted that said communication speaks for itself. Remaining factual allegations are denied.

COUNT I

47. Kutztown University's responses to averments 1 through 47 are incorporated herein.

48. Factual allegations are denied and conclusions of law require no response.

49. Denied.

50. Denied.

## COUNT II

Paragraphs 51 through 54 refer to conduct that is not applicable to answering defendant. As such no response is required. To the extent that any response is nonetheless required, Kutztown University's responses to averments 1 through 50 are incorporated herein, and all additional factual allegations are denied.

## COUNT III

Paragraphs 55 through 57 refer to conduct that is not applicable to answering defendant. As such no response is required. To the extent that any response is nonetheless required, Kutztown University's responses to averments 1 through 56 are incorporated herein, and all additional factual allegations are denied.

## PLAINTIFF'S PRAYER FOR RELIEF

58. This averment requires no response. To the extent that any response is nonetheless required, Kutztown University's responses to averments 1 through 57 are incorporated herein, and all additional factual allegations are denied.

## PLAINTIFF'S "WHEREFORE" Section

No response is required. To the extent that any response is nonetheless required, Kutztown University's responses to averments 1 through 58 are incorporated herein, and all additional factual allegations are denied.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief may be granted against Kutztown University.

2. From January 24, 2012 until plaintiff's complaint in April of 2012, Kutztown University's inaction cannot constitute retaliation, based upon plaintiff's waiver, consent and/or estoppel.

Wherefore, this Court should grant judgment in favor of Kutztown University and against plaintiff.

Respectfully submitted,

KATHLEEN G. KANE
Attorney General

/s/ Sue Ann Unger
_____

Sue Ann Unger
Senior Deputy Attorney General
Attorney I.D. No. 39009

Gregory R. Neuhauser
Chief Deputy Attorney General

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107
Phone: (215) 560-2127
Fax:    (215) 560-1031

**Pena, Jesus**
_____

**From:** Rhonda Miller <rhondamiller@rcn.com>
**Sent:** Tuesday, January 24, 2012 12:55 PM
**To:** Pena, Jesus
**Cc:** Green, John; jerrymiller@rcn.com; Miller, Rhonda
**Subject:** KU student - Rhonda Miller

**Importance:** High

Dear Sirs,

I understand the official process for filing a complaint; at this time, I do not wish to initiate an investigation. This situation has been very distressing, and I am focusing on taking care of my own needs. It is also my sincere hope that this matter can be resolved without moving forward in an official process. However, I am aware of my rights and should it become necessary to exercise them in the future, I understand the process and statute of limitations.

Thank you,

Rhonda Miller


-------- Original message --------
Subject: RE: KU student - Rhonda Miller
From: "Green, John" <jgreen@kutztown.edu>
To: "jerrymiller@rcn.com" <jerrymiller@rcn.com>
CC: "Pena, Jesus" <pena@kutztown.edu>

Mr. Miller,

At Kutztown University we take allegations, such as the ones you have made below, very seriously. I have forwarded this email to Mr. Jesus Pena, Associate Vice President for Equity & Compliance, it is his office that can conduct an investigation into Dr. Reynolds alleged "wrong doing". In order to begin an investigation, the request must come from the student, in this case, your wife. I highly encourage you to have your wife contact Mr. Pena so that we can investigate these claims. Yes, I supervise Dr. Reynolds as the Executive Director of the Pennsylvania German Cultural Heritage Center but have no responsibility over his academic responsibilities.

Again, Kutztown University takes any and all allegations of wrongdoing seriously and we are prepared to investigate these allegations as expeditiously as possible.

Sincerely,

John Green


From: Jerry Miller [mailto:jerrymiller@rcn.com]
Sent: Monday, January 23, 2012 8:01 AM
To: Green, John
Cc: Miller, Rhonda
Subject: FW: KU student - Rhonda Miller

Exhibit 1

1

Dear John,

I'm forwarding a message I sent to Dr. Reynolds below to request your support as his supervisor. If you are not his supervisor, please reply with the appropriate contact so I can follow up with them.

As a business professional, my work environment has a policy of zero tolerance for this type of behavior and I hereby request your assistance to prevent further incidents of harassment and abuse.

By reply, please confirm your agreement to support my request.

Sincerely,

Jerry Miller

Mobile: +1 (484) 695-2322
email: jerrymiller@rcn.com<mailto:jerrymiller@rcn.com>

From: Jerry Miller [mailto:jerrymiller@rcn.com]<mailto:[mailto:jerrymiller@rcn.com]>
Sent: Sunday, January 22, 2012 12:14 PM
To: 'reynolds@kutztown.edu'
Cc: 'rmill277@live.kutztown.edu'
Subject: Rhonda Miller

Dr. Reynolds:

I am contacting you to provide an update on your advisee and student - my wife, Rhonda Miller. As you know, having waited 30 years, Rhonda came to college with the objective to learn and have a very positive educational experience. After taking your course in Fall 2009 and experiencing events at the Pennsylvania German Cultural Heritage Center, Rhonda was convinced she should transfer in Spring 2010 from ESU to Kutztown University, where she felt she could make a difference in furthering the Heritage Center's mission while contributing towards Pennsylvania German scholarship. In June 2011, her detailed academic proposal for a General Studies major concentrating in Pennsylvania German Studies was approved; you were appointed as her academic advisor. An Honors student with a 4.0 GPA, Rhonda was so excited to finally embark upon her dream of an education following her interests.

However, this past Fall 2011 semester turned out to be a horrific experience, and in fact ended with Rhonda requiring medical attention just before Christmas. Rhonda was diagnosed with severe anxiety and depression that was caused by stress primarily due to your behavior. Fortunately, being a strong and competent person she has retaken control of her life. Rhonda has made changes to her program by securing a new academic advisor which will provide a safe and constructive learning environment to complete her undergraduate studies. However, as a consequence of your conduct Rhonda is required to rework her program and alter her coursework; she is no longer able to work with you as an instructor, supervisor, or advisor for the Pennsylvania German Cultural Club which she established. Neither will she be able to intern for, nor volunteer as a member of the Heritage Center. Clearly, as a result of your actions she has lost academic opportunities and learning experiences, particularly involving the Heritage Center, where her hope of hearth cooking for Heritage Center events is no longer obtainable. She has also lost potential career connections and future opportunities within the fraternal community of Pennsylvania German scholarship.

I want to furthermore advise you that your conduct is in violation of Kutztown University Policy DIV-007 (attached<http://www.kutztown.edu/admin/AdminServ/policy/pdfs/DIV-007.pdf>) as well as both Federal and Pennsylvania state laws. This university policy defines Sexual Harassment as:

2

"Sexual advances, requests for sexual favors, and/or other verbal or physical conduct that is pervasive or severe and may constitute sexual harassment when such conduct has the effect of unreasonably interfering with an individual's work or academic performance or creating an intimidating, hostile, or offensive working or academic environment."

Your violations are substantiated through documented inappropriate communications with my wife, observations and discussions of the detailed conversations and events that transpired between you and Rhonda from July through December. These details along with other material evidence bear witness that your extreme and outrageous conduct was unprofessional, unethical, exploitative, and emotionally manipulative and abusive. Given your position of influence and authority, this abuse of power suggests serious consequences.

Going forward, I am closely monitoring and reviewing all communications to be certain there are no further attempts to personally harass or hinder Rhonda. I expect Rhonda to move forward in her academic journey free of any adversarial, retaliatory, or otherwise negative experiences, and without interference in achieving her educational goals. Furthermore, I expect Rhonda to be treated with the utmost respect and regard which she deserves. Rhonda is an honorable and virtuous woman and your treatment of her has been both degrading and deplorable. You should also take note that any future defamation of her character - spoken, written or implied - will not be tolerated.

Your compliance with my requests will have direct bearing on our future course of action.

Jerry Miller

Mobile: +1 (484) 695-2322
email: jerrymiller@rcn.com<mailto:jerrymiller@rcn.com>

# CERTIFICATE OF SERVICE

I, Sue Ann Unger, hereby certify that the defendant Kutztown University's answer and affirmative defenses to the amended complaint has been filed electronically on December 23, 2013, and is available for viewing and downloading from the Court's Electronic Case Filing System. Counsel below are on the court's electronic email notice list and have thus been served.

| | |
|---|---|
| Sidney L. Gold | Linda C. Barrett |
| Sidney L. Gold & Associates, P.C. | Senior Deputy General Counsel |
| William Rieser | OFFICE OF GENERAL COUNSEL |
| 1835 Market Street, Suite 515 | 333 Market Street, 17th Floor |
| Philadelphia, PA 19103 | Harrisburg, PA 17101 |
| 215 569 1999 | 717 783 6563, fx 717 787 1778 |
| Counsel for Plaintiff | lbarrett@pa.gov |
| | Counsel for Dr. Reynolds |

By: /s/ Sue Ann Unger
Sue Ann Unger
Senior Deputy Attorney General
Attorney I.D. No. 39009

Office of Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107
Telephone: (215) 560-2127
Fax: (215) 560-1031